IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAXCRUZ, LLC, <br>    *Plaintiff,* <br> <br> v. <br> <br> SILICON AUTO GROUP, LLC, <br> d/b/a WORLD OF SUPERCARS <br> and PAUL B. CHAMBERS, <br> <br>    *Defendants*. | § § § § § § § § § § § § | No. 1:24-cv-00265-DAE |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 20) submitted by United States Magistrate Judge Mark Lane. After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendations and **GRANTS** Plaintiff Jaxcruz, LLC's Motion for Default Judgment. (Dkt. # 18.) The facts preceding this Order are laid out in Judge Lane's Report. (See Dkt. # 20.)

In his Report, Judge Lane notes that default was entered against Defendants, Defendants are neither a minor nor incompetent, and Defendants are

1

not in military service.[1]  (Id. at 4.)  Additionally, Judge Lane determined that default is procedurally warranted because no material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, and there is no indication default was caused by good faith mistake or excusable neglect.  (Id. at 4–5.)  Further, Judge Lane determined that default is not overly harsh, and there is no apparent reason that default would need to be set aside.  (Id. at 5.)  In addition, Judge Lane found that Plaintiff has stated viable claims against Defendants for fraudulent inducement, negligent misrepresentation, and breach of contract based on the allegations in the complaint.  (Id.)

As a result, Judge Lane concluded that Plaintiff was entitled to default judgment. (Id. at 6.)  Next, Judge Lane determined that requested damages should be awarded to Plaintiff in the amounts that follow.

Against Silicon Auto Group (for Breach of Vehicle Sale Agreement): $600,000 in actual damages, $25,849.32 in pre-judgment interest plus $139.73 per day until the date the Court enters a Default Judgment, $25,315.78 in attorney's

---

[1] While not noted in the Report, Plaintiff's Motion also includes a certificate of service indicating a copy of the Motion was served on Defendants via certified mail return receipt requested and regular mail at their last known address. (Dkt. # 18 at 15.)

2

fees, and post-judgment interest at 8.5% per annum, on the amount of the Default Judgment, from the date of the Default Judgment until it is paid in full.

Against Chambers (for Fraud and Negligent Misrepresentation): $550,703.17 in actual damages, $23,725.50.32 in pre-judgment interest plus $128.25 per day until the date the Court enters a Default Judgment, and post-judgment interest at 8.5% per annum, on the amount of the Default Judgment, from the date of the Default Judgment until it is paid in full.

The Magistrate Judge declined to recommend the Court grant Plaintiff's request for contingency attorney fees' in the amount of $80,000 because Plaintiff provided no legal basis for such an award. (Dkt. # 20 at 8.) The Court agrees.

Objections to the Report were due within 14 days after being served with a copy. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After a careful review of the record, the Court finds the Magistrate Judge's conclusions that default judgment should be entered and the above requests for damages should be awarded are neither clearly erroneous nor contrary to law. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and

Recommendation (Dkt. # 20) as the opinion of the Court and **GRANTS** Plaintiff's Motion for Default Judgment. (Dkt. # 18.)

  **THE CLERK IS INSTRUCTED TO CLOSE THE CASE.**

  **IT IS SO ORDERED.**

  **SIGNED:** Austin, Texas, June 4, 2025.

_____
David Alan Ezra
Senior United States District Judge