IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAXCRUZ, LLC, §<br>           Plaintiff, §<br>v. §<br> §<br>SILICON AUTO GROUP, LLC, §<br>D/B/A WORLD OF SUPERCARS §<br>AND PAUL B. CHAMBERS, §<br>           Defendant. § | CA 1:24-CV-265-DAE |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID EZRA
UNITED STATES DISTRICT JUDGE:

Before the court are (1) Greg Kinskey's, counsel for defendants Silicon Auto Group, LLC, d/b/a World of Supercars and Paul Chambers, Motion for Withdrawal of Attorney Kinskey (Dkt. 37) and (2) Lara Longo's, counsel for defendants Silicon Auto Group, LLC, d/b/a World of Supercars and Paul Chambers, Motion for Withdrawal of Attorney (Dkt. 39).[1] The Motions were filed on November 5th and 6th, respectively, and no opposition has been filed.

### I. BACKGROUND

Jaxcruz, LLC asserted claims against Defendants Silicon Auto Group, LLC and Paul Chambers for fraudulent inducement and negligent misrepresentation and claims against Silicon Auto Group for multiple breaches of contracts and suit on sworn account. Dkt. 11 (FAC) ¶ 1. Specifically, Jaxcruz alleged Chambers, individually and on behalf of Silicon Auto Group, knowingly and negligently made false statements to induce Jaxcruz to purchase a 2022 Ferrari F8 Spider-Coupe (the "Vehicle") for $550,703.17. *Id*. After Jaxcruz paid $550,703.17 pursuant to the

---

[1] The motions were referred by Text Order on November 6, 2025. Because the motions were referred after a final judgment was entered, the court construes the referrals as for a Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

1

terms of the deal, Silicon Auto Group and Chambers delivered the Vehicle but failed to transfer the title to Jaxcruz as promised. *Id*.

After Defendants failed to answer, the Clerk's Office entered Default, Dkt. 17, and the undersigned recommend the District Judge grant Jaxcruz's motion for default judgment. Dkt. 20. The District Judge entered a Final Default Judgment against Defendants. Dkt. 25.

Defendants moved for post-judgment relief. Dkt. 28. Jaxcruz filed an opposed motion to dismiss its claims against Silicon Auto Group, Dkt. 34, moved for entry of an amended final judgment that sought recovery only from Paul Chambers, Dkt. 35, and responded to Defendants' motion for post-judgment relief, Dkt. 36. Defendants filed a reply in support of their motion for post-judgment relief. Dkt. 40.

Defense Counsel Kinskey and Longo then filed their motions to withdraw. Dkt. 37, 39. Kinskey and Longo are attorneys at separate firms. They assert that a third attorney, Jeremy Wager, who was affiliate with Longo's firm,[2] was expected to file an application for pro hac vice admission in this matter, but he did not do so. Wagers is no longer affiliated with that law firm, and he maintains the client relationship with Defendants.

Kinskey and Longo claim they and Defendants have irreconcilable differences on litigation strategy. They also assert they have not been paid. They represent they have informed Chambers of their desire to withdraw, his right to represent himself pro se, and that he will be required to find representation for Silicon Auto Group if it remains a party to this case. They further represent that Chambers consents to their withdrawal, but he refuses to sign any documentation. Chambers has not filed any opposition to their withdrawal, nor has Jaxcruz.

---

[2] Longo is an independent contractor to the firm.

II.  **ANALYSIS**

Local Rule AT-3 governs the withdrawal of attorneys in this District:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

Local Rule AT-3. It does appear that both Kinskey and Longo have complied with the District's requirements.

However, this case is nearly over. It technically is closed. Final judgment has been entered, and depending on how the court rules on the pending motions, the case may remain closed. At this juncture, there are no outstanding motions for Kinskey and Longo to respond to and no deadlines that they must prepare to meet. There is no work for them to do on this case. Accordingly, the undersigned will recommend that their motions be denied without prejudice to refiling if the status of the case changes.

III.  **RECOMMENDATION**

For these reasons, the undersigned **RECOMMENDS** that Greg Kinskey's, counsel for defendants Silicon Auto Group, LLC, d/b/a World of Supercars and Paul Chambers, Motion for Withdrawal of Attorney Kinskey (Dkt. 37) and Lara Longo's, counsel for defendants Silicon Auto Group, LLC, d/b/a World of Supercars and Paul Chambers, Motion for Withdrawal of Attorney (Dkt. 39) be **DENIED WITHOUT PREJUDICE**.

IV.  **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

    A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED November 25, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE