UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAXCRUZ, LLC, | § | No. 1:24-CV-265-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| SILICON AUTO GROUP, LLC, D/B/A | § | |
| WORLD OF SUPERCARS AND PAUL | § | |
| B. CHAMBERS, | § | |
| | § | |
| *Defendants*. | § | |
| _____ | § | |

### ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND (2) DENYING MOTIONS FOR WITHDRAWAL OF ATTORNEY

Before the Court is the Report and Recommendation ("Report") of U.S. Magistrate Judge Mark Lane, filed on November 25, 2025 (Dkt. # 41), recommending that the Court deny Greg Kinskey's, counsel for Defendants Silicon Auto Group, LLC, d/b/a World of Supercars ("Silicon") and Paul Chambers ("Chambers") (collectively, "Defendants"), and Lara Longo's, counsel for Defendants, Motions for Withdrawal of Attorney (Dkts. ## 37; 39). Greg Kinskey filed objections to the Report on December 9, 2025. (Dkt. # 42.) Lara Longo has not filed any objections to the Report.

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and

reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation. (Dkt. # 41.) Accordingly, Grek Kinskey's Motion for Withdrawal of Attorney (Dkt. # 37) and Lara Longo's Motion for Withdrawal of Attorney (Dkt. # 39) are **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Because there are no objections to the facts as stated by Judge Lane, the Court recites them here. Plaintiff Jaxcruz, LLC ("Jaxcruz") asserted claims against Defendants Silicon Auto Group, LLC and Paul Chambers for fraudulent inducement and negligent misrepresentation and claims against Silicon Auto Group for multiple breaches of contracts and suit on sworn account. (Dkt. # 11 at ¶ 1.) Specifically, Jaxcruz alleged Chambers, individually and on behalf of Silicon Auto Group, knowingly and negligently made false statements to induce Jaxcruz to purchase a 2022 Ferrari F8 Spider-Coupe (the "Vehicle") for $550,703.17. (Id.) After Jaxcruz paid $550,703.17 pursuant to the terms of the deal, Silicon Auto Group and Chambers delivered the Vehicle but failed to transfer the title to Jaxcruz as promised. (Id.)

After Defendants failed to answer, the Clerk's Office entered Default, (Dkt. # 17), and the undersigned recommend the District Judge grant Jaxcruz's motion for default judgment (Dkt. # 20). The District Judge entered a Final Default Judgment against Defendants. (Dkt. # 25.)

Defendants moved for post-judgment relief. (Dkt. # 28.) Jaxcruz filed an opposed motion to dismiss its claims against Silicon Auto Group, (Dkt. # 34), moved for entry of an amended final judgment that sought recovery only from Paul Chambers, (Dkt. # 35), and responded to Defendants' motion for post-judgment relief, (Dkt. # 36). Defendants filed a reply in support of their motion for post-judgment relief. (Dkt. # 40.)

Defense Counsel Kinskey and Longo then filed their motions to withdraw. (Dkts. ## 37; 39.) Kinskey and Longo are attorneys at separate firms. They assert that a third attorney, Jeremy Wager, who was affiliated with Longo's firm,[1] was expected to file an application for pro hac vice admission in this matter, but he did not do so. Wagers is no longer affiliated with that law firm. Kinskey and Longo claim they and Defendants have irreconcilable differences on litigation strategy. They also assert they have not been paid. They represent they have informed Chambers of their desire to withdraw, his right to represent himself pro se, and that he will be required to find representation for Silicon Auto Group if it remains a party to this case. They further represent that Chambers consents to their withdrawal, but he refuses to sign any documentation. Chambers has not filed any opposition to their withdrawal, nor has Jaxcruz.

---

[1] Longo is an independent contractor to the firm.

The Magistrate Judge issued his Report on November 25, 2025. (Dkt. # 41.) After his review of both Kinskey and Longo's motions, Judge Lane recommended denying both motions without prejudice. (Id. at 3.) He found that while it appeared that both Kinskey and Longo had complied with the Western District of Texas' requirements for withdrawal, the case "is nearly over" and the attorneys had no work remaining for them to do. (Id.) As such, he recommended denying the motions without prejudice to refiling should the status of the case change. (Id.)

## LEGAL STANDARDS

I. Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.  Attorney Withdrawal

An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. In re Wynn, 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. Denton v. Souter, No. 3:11-cv-2559-N, 2013 WL 5477155, at *1 (N.D. Tex. Oct. 2, 2013) (citing Fed. Trade Comm'n v. Intellipay, Inc., 828 F. Supp. 33, 34 (S.D. Tex. 1993)).

The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the court. Wynn, 889 F.2d at 646. "[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors," paramount among those factors "are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice." Rabin v. McClain, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). Courts must also consider the facts and circumstances of each case. Id.

5

A court has substantial latitude to deny a motion to withdraw if the court is not persuaded that good cause exists. Lewis v. Williamson Cnty., No. 1:21-cv-00074-LY-SH, 2021 WL 5871540, at *1 (W.D. Tex. Nov. 23, 2021). Even if good cause exists, an attorney may withdraw only if withdrawal will not disrupt the litigation.  Id.

In addition, the local rules of this District mandate certain procedures for attorney withdrawal:

> An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

See Local Rule AT-3.

## DISCUSSION

Kinskey objects to the Magistrate Judge's Report and Recommendation.  (Dkt. # 42.)  Kinskey argues that the Magistrate Judge erred by not finding that Kinskey had established good cause to grant his motion.  (Id. at 2–5.)  Kinskey contends that his withdrawal would not cause undue delay to the proceedings, would not prejudice the defendant-clients, and would be in the interests of justice.  (Id.)  Kinskey notes that the case is not "nearly over" and that there may be more litigation in this case once the Court decides Defendants'

6

Amended Motion for Post-Judgment Relief (Dkt. # 28). (Id.) He further asserts that irreconcilable differences and non-payment constitute good cause to withdraw. (Id.)

Upon the Court's de novo review of Kinskey's motion to withdraw, the Court finds that all three factors courts are to consider in the face of a motion to withdraw favor denying Kinskey's motion. Final judgment was entered in this case almost six months ago. (Dkt. # 25.) There are three pending motions in this case, notwithstanding the motions to withdraw, that remain to be ruled upon. (Dkts. ## 28; 34; 35.) The first motion, Defendants' Amended Motion for Post-Judgment Relief, has been pending for almost five months. (Dkt. # 28.) The second and third motions, Plaintiff's Motion to Dismiss and Motion for Default Judgment, have been pending for almost two months. (Dkts. ## 34; 35). And although the deadline to respond has passed, Defendants have not filed responses to Plaintiff's two pending motions. (Dkts. ## 34; 35.) Permitting withdrawal at this stage would only further delay the resolution of this case.

Furthermore, as a corporate defendant, Silicon is unable to proceed in this litigation without an attorney. Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004) ("[A] corporation cannot appear in federal court unless represented by a licensed attorney."). Therefore, Kinskey and Longo's withdrawal would likely require an indefinite suspension of the proceedings until Silicon is

7

able to obtain counsel licensed in this District.² Moreover, once new counsel is obtained, any new counsel would likely move for a continuance to familiarize themselves with the case and file responses to Plaintiff's two pending motions. Whiteside v. Cimble Corp., No. 4:17-CV-404-KPJ, 2021 WL 1163724, at *3 (E.D. Tex. Mar. 26, 2021). Accordingly, the Court finds that withdrawal at this stage of the proceedings would result in undue delay.

Second, permitting withdrawal would prejudice both defendants. Should the Court permit Kinskey and Longo to withdraw before replacement counsel has been procured, Chambers would be proceeding *pro se* against a plaintiff represented by counsel. In addition, Defendants have not filed responses to Plaintiff's two pending motions, and so were withdrawal permitted, the Court would rule on those motions without input from Defendants.

Finally, although the Court is sympathetic to counsels' financial concerns, the Court finds that withdrawal is not in the interests of justice. "Justice is served when cases move efficiently through the system to disposition, and the parties can avail themselves of equal resources." Edwards v. Oliver, No. 3:17-cv-1208-M-BT, 2022 WL 4820147, at *7 (N.D. Tex. Sept. 30, 2022). Delay and duplication of efforts are contrary to the interests of justice, as is having parties

---

² Although Plaintiff has moved to dismiss Silicon (Dkt. # 34), the Court has not yet granted such a dismissal.

proceed *pro se*, which requires more of the Court's scarce judicial resources.  Id. This case is near the finish line.  As Judge Lane noted, the case is technically closed, and it may remain closed depending on how the Court rules on the pending motions, one of which has been pending for nearly half a year.  Therefore, the Court finds that withdrawal would not be in the interests of justice.

While the Fifth Circuit has recognized that counsel may have good cause to withdraw when a client "refuses to pay for services," Dorsey v. Portfolio Equities, Inc., No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (quoting Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile ), 76 F.3d 658, 663 (5th Cir. 1996)), "the Court's inquiry does not and cannot end upon a simple finding that a client is delinquent in payment of his legal fees," A.J. Rabe, 2019 WL 12536993, at *1.  Here, allowing withdrawal would burden the Court and the parties and disrupt the lawsuit.  Absent extraordinary circumstances demonstrating an unreasonable financial burden or a complete breakdown of the attorney-client relationship, the Court will not permit withdrawal at this stage.  See F.T.C. v. Intellipay, Inc., 828 F. Supp. 33, 34 (S.D. Tex. 1993) (denying motion to withdraw when defendants failed to pay attorney fees); White v. BAC Home Loans Servicing, LP, No. 309-CV-2484-G, 2010 WL 2473833, at *4 (N.D. Tex. June 15, 2010) (denying motion to withdraw where attorney alleged a breakdown of communication between the attorney and the client); Austin Legal

Video, LLC v. Sw. Reporting & Video Serv., Inc., No. 1:23-CV-00421-DAE, 2024 WL 5185706, at *2 (W.D. Tex. Sept. 30, 2024) (denying motion to withdraw even where "irreconcilable differences" existed between attorney and client); United States v. Schenck, No. CR 20-19, 2022 WL 102624, at *2 (E.D. La. Jan. 11, 2022) ("Unless there is a demonstrated conflict of interest, or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw.") (citation omitted); Globeranger Corp. v. Software AG, Software AG USA, Inc., No. 3:11-CV-0403-B, 2014 WL 11456069, at *1 (N.D. Tex. July 11, 2014) ("Given the contractual nature of the attorney-client relationship, a lawyer who agrees to represent a client is generally expected to work through the completion of a case.") (internal quotations and citation omitted). The Court therefore **OVERRULES** Kinskey's objections to the Magistrate Judge's Report. (Dkt. # 42.)

As to the unobjected-to portions of Judge Lane's Report, the Court has reviewed them for clear error and finds none. Attorney Longo's Motion to Withdraw is substantially identical to that of Attorney Kinskey, and so the above analysis applies equally to her motion. Accordingly, after careful consideration, the Court **ADOPTS** the Magistrate Judge's Report (Dkt. # 41) and **DENIES**

**WITHOUT PREJUDICE** Grek Kinskey's Motion for Withdrawal of Attorney (Dkt. # 37) and Lara Longo's Motion for Withdrawal of Attorney (Dkt. # 39).

CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's Report (Dkt. # 41) and **DENIES WITHOUT PREJUDICE** Grek Kinskey's Motion for Withdrawal of Attorney (Dkt. # 37) and Lara Longo's Motion for Withdrawal of Attorney (Dkt. # 39).  Defendants are **ORDERED** to respond to Plaintiff's Opposed Motion to Dismiss All Claims Against Defendant Silicon Auto Group, LLC, d/b/a World Of Supercars (Dkt. # 34) and Plaintiff's Opposed Motion for Entry of Amended Final Default Judgment (Dkt. # 35) on or before **January 6, 2026**.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, December 16, 2025.

_____
David Alan Ezra
Senior United States District Judge